FILED

5009386.001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 JUN 28  AM 9: 46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

-----------------------------------------------------------X

CROWLEY PUERTO RICO SERVICES, INC.,

    Plaintiff,

-against-

CASE NO. 3.12-CV-737-J-99mmH-JRK

CLP TRANSPORT, INC.,

    Defendant.

-----------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

Plaintiff, CROWLEY PUERTO RICO SERVICES, INC., by its undersigned attorneys as and for its Complaint against defendant CLP TRANSPORT, INC., in personam, in a cause of action civil and maritime, alleges upon information and belief:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff CROWLEY PUERTO RICO SERVICES, INC., a common carrier by water with full authority to bring this action, was and still is a corporation with offices and a place of business at 9487 Regency Square Blvd., Jacksonville, FL 32225.

2. Upon information and belief and at all times hereinafter mentioned, defendant CLP TRANSPORT, INC. and was and still is and corporation with offices and a place of business at 587 Sandstone Street, Lakeland, FL 33809.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff is seeking to enforce rights under maritime contracts.

## VENUE

4. Venue in this case is proper. A substantial part of the events giving rise to the claim asserted by plaintiff occurred within the territorial limits of the United States District Court for the Middle District of Florida, Jacksonville Division. In addition, defendant maintains an office and place of business within the territorial limits of the United States District Court for the Middle District of Florida.

## FACTUAL ALLEGATIONS

5. At all material times hereinafter mentioned defendant's relationship to plaintiff was that of a consignee of cargo owned or controlled by defendant carried aboard plaintiff's vessels under bills of lading issued by plaintiff as carrier to defendant.

6. Plaintiff carried by water shipments (the "Shipments") of defendant's cargo between the mainland United States and Puerto Rico in accordance with the invoices summarized on Exhibit 1, attached.

7. The Shipments were transported.

8. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff in relation to the Shipments.

9. Defendant has failed and refused and continues to fail and to refuse to remit payment of $16,075.00 in outstanding extended ocean freight, or demurrage, and related charges due plaintiff in relation to the Shipments although duly demanded, and defendant is the responsible party to pay such charges. All credits due defendant have been applied by plaintiff.

10. By reason of the foregoing, plaintiff has sustained damages in the amount of $16,075.00 which, although duly demanded, have not been paid.

11. In accordance with the Terms and Conditions of the applicable contracts of carriage, defendant is liable to plaintiff for payment without discount or set-off of any kind of all freight, demurrage, and other charges including attorney's fees incurred in collecting sums due plaintiff in relation to the Shipment.

12. Plaintiff has retained the undersigned law firm for purposes of collecting the outstanding charges due plaintiff and plaintiff is obligated to the undersigned law firm for attorney's fees and costs.

WHEREFORE, plaintiff prays:

1. On the first cause of action for judgment in the amount of plaintiff's damages in the amount of $16,075.00, together with interest thereon from the respective dates due, costs, disbursements and attorneys fees, all as provided in the Terms and Conditions of the applicable contracts of carriage.

2. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant citing defendant to appear and answer all the singular matters aforesaid.

3. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: Key Biscayne, Florida
June 26, 2012

HALLEY & HALLEY, P.A.

By: /S/ Thomas V. Halley
Thomas V. Halley
Florida Bar No. 0694363
Attorneys for Plaintiff
200 Crandon Blvd., Suite 332
Key Biscayne, FL 33149
Tel. 305 365-1237
Fax. 305 361-3354
thalley@shiplaw.net